UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CALVIN HORNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No: 17-CV-08080 |
| | ) |
| HOME DEPOT U.S.A., INC. and ELECTRIC | ) |
| EEL MANUFACTURING COMPANY, INC. | ) |
| | ) |
| Defendants. | ) |

**FOURTH AMENDED
COMPLAINT AT LAW**

NOW COMES the Plaintiff, CALVIN HORNE (hereinafter referred to as "HORNE"), by and through his attorneys, BIZZIERI LAW OFFICES, LLC, and complaining of the Defendants, HOME DEPOT U.S.A., INC. (hereinafter referred to as "HOME DEPOT, U.S.A.") and ELECTRIC EEL MANUFACTURING COMPANY, INC. (hereinafter referred to as "ELECTRIC EEL"), states as follows:

**COUNT I – NEGLIGENCE
HOME DEPOT U.S.A., INC.**

1. On and prior to July 21, 2017, the Defendant, HOME DEPOT, U.S.A., was a corporation doing business in the State of Illinois and was engaged in the business of renting, selling and/or marketing power tool equipment including, but not limited to, the Electric Eel Model R.

2. On July 21, 2017, Plaintiff, HORNE, entered into a rental contract with Defendant, HOME DEPOT, U.S.A., for the rental of the Electric Eel Model R.

3. On July 21, 2017 Plaintiff was operating the Electric Eel Model R to unclog a drain in the ground at his home, located at 1116 E. 160th Place, South Holland, Illinois, when the cable coil

suddenly, and without any warning, kinked and began spiraling out of control, causing the coil to become so tight as to violently jerk and catch Plaintiff's right hand causing one of his fingers to become severed and necessitating surgical intervention and amputation.

4. At all times relevant and material hereto, Defendant had a duty to use ordinary care in the rental, sale and service of the Electric Eel Model R.

5. Despite said duty, on and before the aforesaid date, Defendant, by and through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

   a. Negligently failed to offer any type of instruction or demonstration in using the Electric Eel;

   b. Negligently failed to warn of the hazard and unreasonable danger of the Electric Eel when it was foreseeable that someone would sustain injuries such as Plaintiff's injuries;

   c. Negligently failed to exercise ordinary care, including the duty to protect and safeguard Plaintiff, when they knew or should have known the Electric Eel was defective;

   d. Negligently supplied, rented and/or sold the faulty and defective product which could harm the general public and Plaintiff;

   e. Negligently failed to properly test the Electric Eel for defects; and

   f. Negligently failed to properly inspect the Electric Eel for defects.

6. As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of the Defendant, HOME DEPOT, U.S.A., Plaintiff, HORNE, did suffer injuries which were personal, permanent and pecuniary in nature.

WHEREFORE, the Plaintiff, CALVIN HORNE, demands judgment in his favor and against the Defendant, HOME DEPOT, U.S.A., INC., in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of this suit.

### COUNT II – BREACH OF IMPLIED WARRANTY
### HOME DEPOT U.S.A., INC.

1-4. Plaintiff, HORNE, herein restates and incorporates by reference Paragraphs 1 through 4 of Count I as paragraphs 1 through 4 of this Count III as though fully set forth herein.

5. On July 21, 2017, Defendant, HOME DEPOT, U.S.A., by and through the rental of the Electric Eel Model R, expressly and implied warranted to the public and to the Plaintiff, that the Electric Eel Model R was fit for the purposes for which it was intended.

6. On July 21, 2017, Plaintiff, HORNE, used the machine as alleged herein, and relied on the express and implied warranties, however, the Electric Eel Model R was not fit for its intended use, rendering the product in question unreasonably dangerous and resulting in the injuries suffered by the Plaintiff.

7. Defendant, HOME DEPOT, U.S.A., breached the express and implied warranties by the failure of the Electric Eel Model R as alleged herein.

WHEREFORE, the Plaintiff, CALVIN HORNE, demands judgment in his favor and against the Defendant, HOME DEPOT U.S.A., INC., in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of this suit.

### COUNT III – NEGLIGENCE
### ELECTRIC EEL MANUFACTURING COMPANY, INC.

1. On and prior to July 21, 2017, the Defendant, ELECTRIC EEL, was a corporation doing business in the State of Illinois and was engaged in the business of designing, manufacturing, marketing and selling power tool equipment including, but not limited to, the Electric Eel Model R

to the general public, corporations and/or other entities including the Defendant, HOME DEPOT, U.S.A.

    2.    On July 21, 2017, Plaintiff, HORNE, entered into a rental contract with Defendant, HOME DEPOT, U.S.A., for the rental of the Electric Eel Model R, and the tool was represented to be safe and free from latent defects. The Electric Eel was in fact inherently dangerous as designed, manufactured, marketed and sold.

    3.    At all times relevant and material hereto, Defendant had a duty to use ordinary care in the designing, manufacturing, marketing and sale of the Electric Eel Model R.

    4.    Despite said duty, on and before the aforesaid date, Defendant, by and through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

    a.    Negligently failed to warn of the hazard and unreasonable danger of the Electric Eel when it was foreseeable that someone would sustain injuries such as Plaintiff's injuries;

    b.    Negligently failed to exercise ordinary care, including the duty to protect and safeguard Plaintiff, when they knew or should have known the Electric Eel was defective;

    c.    Negligently designed, manufactured, marketed and sold the faulty and defective Electric Eel;

    d.    Negligently failed to provide safeguards that would have stopped the rotation of the Electric Eel so as to prevent foreseeable risks;

    e.    Negligently failed to install a switch, interlocking device and/or design that would cause the rotation to cease;

    f.    Negligently failed to properly test the Electric Eel for defects; and

    g.    Negligently failed to properly inspect the Electric Eel for defects.

    h.    Negligently failed to include a turn off switch within adequate proximity to the space being used so as to prevent the inability on the part of the Plaintiff to quickly shut off

the machine and avoid injury.

5. As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of the Defendant, ELECTRIC EEL, Plaintiff, HORNE, did suffer injuries which were personal, permanent and pecuniary in nature.

WHEREFORE, the Plaintiff, CALVIN HORNE, demands judgment in his favor and against the Defendant, ELECTRIC EEL MANUFACTURING COMPANY, INC., in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of this suit.

### COUNT IV – STRICT LIABILITY
### ELECTRIC EEL MANUFACTURING COMPANY, INC.

1. Plaintiff, HORNE, herein restates and incorporates by reference Paragraph 1 of Count IV as paragraphs 1 of this Count V as though fully set forth herein.

2. The Electric Eel Model R as sold by ELECTRIC EEL, was defective and unreasonably dangerous in one or more of the following respects:

   a. Failed to provide safeguards that would have stopped the rotation of the Electric Eel so as to prevent foreseeable risks;

   b. Failed to include a switch, interlocking device and/or design that would cause the Electric Eel to cease rotating for the reason that it was foreseeable that an individual's hand would come in contact with the cable coil during use;

   c. Failed to include a turn off switch within adequate proximity to the space being used so as to prevent the inability on the part of the Plaintiff to quickly shut off the machine and avoid injury.

3. The above-stated defective and unreasonably dangerous conditions existed at the time the subject Electric Eel Model R left the control of ELECTRIC EEL

4. As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of the Defendant, ELECTRIC EEL, Plaintiff, HORNE, did suffer injuries which were personal, permanent and pecuniary in nature.

WHEREFORE, the Plaintiff, CALVIN HORNE, demands judgment in his favor and against the Defendant, ELECTRIC EEL MANUFACTURING COMPANY, INC., in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of this suit.

## COUNT V – BREACH OF IMPLIED WARRANTY
## ELECTRIC EEL MANUFACTURING COMPANY, INC.

1. Plaintiff, HORNE, herein restates and incorporates by reference Paragraph 1 of Count IV as paragraph 1 of this Count VI as though fully set forth herein.

2. On and prior to July 21, 2017, Defendant, ELECTRIC EEL, by and through the sale of the Electric Eel Model R to HOME DEPOT, U.S.A., expressly and implied warranted to the public and to the Plaintiff, that the Electric Eel Model R was fit for the purposes for which it was intended.

3. On July 21, 2017, Plaintiff, HORNE, used the machine as alleged herein, and relied on the express and implied warranties, however, the Electric Eel Model R was not fit for its intended use, rendering the product in question unreasonably dangerous and resulting in the injuries suffered by the Plaintiff.

4. Defendant, ELECTRIC EEL, breached the express and implied warranties by the failure of the Electric Eel Model R as alleged herein.

WHEREFORE, the Plaintiff, CALVIN HORNE, demands judgment in his favor and against the Defendant, ELECTRIC EEL MANUFACTURING COMPANY, INC., in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of this suit.

## COUNT VI – SPOLIATION
## HOME DEPOT, U.S.A., INC.

1. Plaintiff, HORNE, has filed a Complaint for injuries resulting from the malfunction of the Electric Eel Model R he rented from Defendant, HOME DEPOT, U.S.A., and operated on July 21, 2017.

2. On or about July 21, 2017, the subject Electric Eel Model R was returned to the Home Depot Store in Homewood, Illinois.

3. On July 26, 2017, counsel for Plaintiff sent correspondence to the Home Depot Homewood, Illinois location as well as the HOME DEPOT, U.S.A. corporate office, requesting that the Electric Eel Model R, part number 0448505995, and any/all attachments rented to Plaintiff and all records regarding the drain cleaner, including but not limited to, any records required by the manufacturer and/or HOME DEPOT, U.S.A. relating to the operation, maintenance, incident report, receipts, prior usage reports, inspection reports and/or logs of the subject product, be preserved for inspection. (*See* Plaintiff's letter dated July 26, 2017, attached hereto as Exhibit "A").

4. On August 17, 2017, counsel for Plaintiff received correspondence from Sedgwick Claims Management Services, Inc., the claims administrator for HOME DEPOT, U.S.A. acknowledging receipt of Plaintiff's letter dated July 26, 2017. (*See* Sedgwick's letter dated August 17, 2017, attached hereto as Exhibit "B").

5. HOME DEPOT, U.S.A.'s duty to preserve the evidence for inspection was created on August 17, 2017 by agreement, upon their acknowledgement of Plaintiff's July 26, 2017 correspondence.

6. On April 23, 2018, counsel for Defendants, HOME DEPOT, U.S.A. and Electric Eel Manufacturing Company, Inc., informed counsel for Plaintiff that on an unknown date the Electric

Eel Model R, part number 0448505995, was stolen from the Home Depot store in Homewood, IL.

7. On June 19, 2018, Defendant, HOME DEPOT, U.S.A., Inc., produced in response to supplemental discovery requests, an internal document designating the Electric Eel Model R, part number 0448505995 as stolen and stated that same was stolen in March 2018, which is seven months after the duty to preserve the evidence was established. (*See* Home Depot U.S.A., Inc.'s document attached hereto as Exhibit "C").

8. On April 30, 2018, Defendant, HOME DEPOT, U.S.A., produced exemplar documents consisting of a blank "Inspection Points Tag" and a blank "Rental Out Tag" in response to Plaintiff's Request to Produce documents pertaining to the inspection, maintenance, modification and repair of the subject Electric Eel.

9. Notwithstanding the aforementioned duty to preserve the subject Electric Eel as well as any and all documents relative thereto, HOME DEPOT, U.S.A., by and through its agents, servants, and/or employees committed one or more of the following acts or omissions:

(a) Failed to maintain, control, protect, and unalter the Electric Eel Model R, part number 0448505995;

(b) Failed to keep possession of the Electric Eel Model R, part number 0448505995 and

(c) Failed to maintain, control, protect, unalter and keep possession of all records regarding the drain cleaner, including but not limited to, the Inspection Points Tag and Rental Out Tag of the subject Electric Eel.

10. Furthermore, Home Depot U.S.A., Inc. knew or should have known that the Electric Eel Model R, part number 0448505995, and the relevant documents and records were material to a potential civil action as Plaintiff clearly stated in the July 26, 2017 correspondence that Plaintiff's claim was for injuries sustained while operating the specific Electric Eel Model R. (*See* Exhibit "A").

11.     As a proximate result of the aforementioned acts or omissions, the Plaintiff, HORNE, has been irrevocably prejudiced in the pursuit of this lawsuit as he is unable to have the specific Electric Eel Model R, part number 0448505995, inspected for defects, malfunction, for whether or not operation switches existed and/or functioned properly, which are the bases of his claim.

12.     An inspection of the subject drain took place on June 11, 2018 using an exemplar Electric Eel Model R, however said exemplar was different than the subject spoiled device rented to HORNE on July 21, 2017.

WHEREFORE, Plaintiff, CALVIN HORNE, demands judgment against defendant, HOME DEPOT, U.S.A., INC., in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00), plus costs.

Respectfully submitted,

BIZZIERI LAW OFFICES, LLC

By: _____
James L. Bizzieri

BIZZIERI LAW OFFICES, LLC
James L. Bizzieri (6284686)
10258 S. Western Avenue, Suite 210
Chicago, Illinois 60643
T: (773)881-9000
F: (773)881-9009
jlbizzieri@bizzierilaw.com