**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CALVIN HORNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 17–CV–08080 |
| ) | |
| HOME DEPOT U.S.A., INC. and ) | Judge Ronald A. Guzman |
| ELECTRIC EEL MANUFACTURING ) | |
| COMPANY, INC., ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S RESPONSE AND OBJECTIONS TO DEFENDANTS' PETITION FOR COSTS

Plaintiff, CALVIN HORNE [hereinafter "Calvin'], by and through his counsel, BIZZIERI LAW OFFICES, LLC, and pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 54.1 in Response to Defendants' Petition for Costs, states as follows:

**Procedural Facts**

At the present time, Calvin has timely filed a Rule 59(e) Motion to Alter or Amend the Judgment of February 12, 2019. This Court has set a briefing schedule regarding said Motion. (Dkt. # 195.) Thus, said Judgment is not final at this time. However, Calvin makes this Response pursuant to Court Order (Dkt. # 190.)

**Other Relevant Facts**

Shortly after Defendants filed the Petition for Costs, defendants' counsel, Daniel Nathan, and Plaintiff's counsel, James Bizzieri, spoke over the telephone and Mr. Nathan informed Mr. Bizzieri that the defendants do not intend to collect any costs from Calvin as sought in the Petition, but instead, Mr. Nathan stated that the Petition would be used a basis for settlement negotiations to avoid an appeal. (See, Affidavit of James L. Bizzieri, attached as Exhibit A.)

**Argument**

"Under the Federal Rules of Civil Procedure, "costs—other than attorney's fees—should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). A "district court may not tax costs under Rule 54(d)[, however,] unless a federal statute authorizes an award of those costs." *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.,* 481 F.3d 442, 447 (7th Cir.2007) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441–43, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987)). Here, at this time, the defendants are not yet the "prevailing party" as the judgment of February 12, 2019 is not final. There is a pending Motion to Alter or Amend the Judgment of February 12, 2019.

This Honorable Court, in its Judgment, did not allow for costs to the defendants. (Dkt. # 187.) "An award of costs will be presumed in such cases only when "the district court has not 'otherwise directed.' " *Congregation of the Passion,* 854 F.2d at 221. *See* Fed.R.Civ.P. 54(d) ("costs shall be allowed as of course to the prevailing party, unless the [district] court otherwise directs")." *Matei v. Cessna Aircraft Co.*, 35 F.3d 1142, 1148 (7th Cir. 1994). Here, looking at the Judgment itself, this Honorable Court did not allow for costs to the defendants. (Dkt. # 187.) As such, it appears very clear that this Honorable Court considers costs but did not award same in this litigation.

Even if authorized by statute, however, "a cost must be both reasonable and necessary to the litigation for a prevailing party to recover it." *Little v. Mitsubishi Motors N. Am.,* 514 F.3d 699, 702 (7th Cir.2008). In short, the determination of whether to tax costs against the losing party requires two inquiries: "(1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chi.,* 218 F.3d 816, 824 (7th Cir.2000). Although there is a strong presumption that the prevailing party will recover costs, *Park v. City of Chi.,* 297 F.3d 606, 617 (7th Cir.2002), the "party seeking an award

of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trs. of the Chi. Plastering *944 Inst. Pension Trust v. Cork Plastering Co.,* 570 F.3d 890, 906 (7th Cir.2009); *Telular Corp. v. Mentor Graphics Corp.,* No. 01–431, 2006 WL 1722375, at *1 (N.D.Ill. June 16, 2006) ("The prevailing party bears the burden of demonstrating the amount of its recoverable costs because the prevailing party knows, for example, how much it paid for copying and for what purpose the copies were used."). Once the prevailing party demonstrates that the particular items of costs should be allowed, the losing party then bears the burden of affirmatively showing that the taxed costs are not appropriate. *Beamon v. Marshall & Ilsley Trust Co.,* 411 F.3d 854, 864 (7th Cir.2005). Ultimately, the decision whether to award costs rests within the discretion of the Court. *M.T. Bonk Co. v. Milton Bradley Co.,* 945 F.2d 1404, 1409 (7th Cir.1991)." *Se-Kure Controls, Inc. v. Vanguard Prod. Grp., Inc.*, 873 F. Supp. 2d 939, 943–44 (N.D. Ill. 2012).

Defendants have not met their burden that the costs claimed in their Petition were necessary or reasonable. (Dkt. # 188-2.) Defendants claim $12,701.60 in fees for printed or electronically recorded transcripts obtained for use in the case. However, the amount claimed is unreasonable based upon the Maximum Transcript Rates set forth by the Honorable Castillo, Chief Judge of the Northern District of Illinois. (See, Transcript Rates, attached as Exhibit B.) If all deposition transcripts were deemed necessary herein, then the maximum amount allowed would be $10,065.40. (See, Table of Transcript Costs, attached as Exhibit C.) However, the affidavit of defendants' counsel, Daniel Nathan, is silent as to why these depositions were necessary to the defense. Simply stating that the costs were incurred and paid is insufficient to meet the burden of demonstrating that the costs were "necessary".

If, however, this Court believes that the defendants have met their burden of demonstrating the costs were "necessary", then Calvin submits that prematurely ordering the following deposition transcripts was unnecessary when a trial date had not been set; and, defense counsel Daniel Nathan was present at every deposition taken in this litigation and he knew, or should have known, the testimony of these 15 witnesses had no bearing on defendants' Motions for Summary Judgment.

| Deponent | Date of Deposition | Date of Invoice |
|---|---|---|
| Alexandria Ell | 8/3/2018 | 8/17/2018 |
| Deborah Horne | 7/31/2018 | 8/13/2018 |
| Lavincia McBride | 8/28/2018 | 9/7/2018 |
| Dorothy Carter | 8/29/2018 | 9/7/2018 |
| Robert Baranowski | 08/29/2018 | 9/7/2018 |
| Phillip Boranda | 9/4/2018 | 9/7/2018 |
| Etwun Thomas | 8/30/2018 | 9/12/2018 |
| Krish Kaush | 9/7/2018 | 9/14/2018 |
| Marc Cohen, MD | 8/6/2018 | 8/21/2018 |
| Marcus Ayers | 8/1/2018 | 08/20/2018 |
| Reginald Tolliver | 8/1/2018 | No invoice |
| Perry Bennett | 9/5/2018 | 9/12/2018 |
| Sabrina Little | 10/22/2018 | 10/25/2018 (expedited) |
| Steven Parry, DO | 8/13/2018 | 08/27/2018 |
| Sean Dyer, MD | 7/24/18 | 08/10/2018 |

The defense set forth by the defendants is that the subject drain cleaner, which was lost or stolen shortly after Home Depot's acknowledgement of Calvin's preservation letter, was in good working condition at the time of its sale to Home Depot from Electric Eel and at the time of the rental from Home Depot to Calvin. Moreover, Home Depot defended this case on the existence of an exculpatory clause in the rental contract which barred Calvin from recovery. As such, on November 12, 2018, defense counsel filed two Motions for Summary Judgment and supporting Memorandums, one in behalf of each of his defendants only using 5 deposition transcripts: Calvin Horne, Richard Berry, David Hale, Nicholas Keilman and Pierre Davis. (Dkt. # 151 and #155). (See, Table of Reasonable Transcript Costs, attached as Exhibit D.) Most of the prematurely ordered deposition transcripts were unnecessary for purposes of the overall defense, let alone necessary for defendants' Motions for Summary Judgment. The 15 prematurely ordered transcripts were not utilized in said Motions as the depositions clearly had no bearing on the merits of the argument asserted by defendants. For Mr. Nathan to prematurely order deposition transcripts of all deposed witnesses full well knowing that no trial date was set and that the testimony elicited at the depositions would have no effect on their Motions for Summary Judgment, mostly based in contract and upon the actual machine itself, is not necessary to the litigation.

## Conclusion

For the foregoing reasons, Calvin respectfully requests that this Honorable Court deny defendants' Petition for Costs for the full amount claimed. In the alternative, Calvin respectfully requests that this Honorable Court only allow the reasonable and necessary costs of this litigation, $3,963.32.

Respectfully submitted,

By: s/James L. Bizzieri

James L. Bizzieri, Atty No. 6284686
*Attorney for Plaintiff*

James L. Bizzieri
Attorney for Plaintiff
Bizzieri Law Offices, LLC
10258 S. Western Ave., Suite 210
Chicago, IL 60643
773-881-9000
jlbizzieri@bizzierilaw.com

## **CERTIFICATE OF SERVICE**

      I, the undersigned, on oath, subject to penalty of perjury, state that I caused a true and accurate copy of the foregoing to be filed and served electronically by using the Court's CM/ECF system to all counsel of record before 5:00 p.m. on **March 26, 2019**.

                                                  By: s/James L. Bizzieri
                                                      *Attorney for Plaintiff*

James L. Bizzieri (#6284686)
BIZZIERI LAW OFFICES, LLC
10258 S. Western Avenue, Suite 210
Chicago, Illinois 60643
(773)881-9000
(773)881-9009