**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CALVIN HORNE,

        Plaintiff,

    v.

HOME DEPOT U.S.A., INC. and
ELECTRIC EEL MANUFACTURING
COMPANY, INC.

        Defendants.

No. 17-cv-08080

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE AND OBJECTIONS TO DEFENDANTS' PETITION FOR COSTS

NOW COME the Defendants, Home Depot U.S.A., INC ("Home Depot") and Electric Eel Manufacturing Company, Inc. ("Electric Eel"), by and through their attorneys, TRIBLER ORPETT & MEYER, P.C., and for their Reply to Plaintiff's Response to Defendants' Petition for Costs, state as follows:

### INTRODUCTION

Defendants filed their Petition for Costs seeking a judgment for costs in the amount of $13,603.77. (Doc. 188). Rule 54(d) provides that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). It is recognized that there is a strong presumption in favor of a district court awarding costs to the prevailing party. *Park v. City of Chicago*, 297 F.3d 606, 617 (7th Cir. 2002). In order to recoup their costs, the initial burden is on Defendants to demonstrate that the costs were necessary and reasonable. *Trustees of the Chicago Plastering Institute Pension Trust*, 570 F.3d 890, 906 (7th Cir. 2009). Basic itemization of the costs, the amounts, and an attestation that the costs were necessarily incurred in the litigation are

often adequate to meet this burden, as long as there are sufficient details to allow the court to assess the reasonableness of any costs required. *Id.* at 905-906.

In its response to Defendant's Petition for Costs, Plaintiff incorrectly argues that Defendants have not met their burden that the costs claimed in their Petition for Costs were necessary and reasonable for the defense of this matter. (Doc. #196, p. 3). Rather, in this case, Defendants, through an affidavit from their counsel, attested to the reasonableness of the costs that they now seek to recoup, meeting the basic itemization, amount, and attestation requirements outlined in *Trustees of the Chicago Plastering Institute Pension Trust*, 570 F.3d at 906. (Doc. 188, Ex. "B").

Moreover, in a failed attempt to negatively color this Court's opinion on Defendants' Petition for Costs, Plaintiff's counsel has mischaracterized a telephone conversation with defense counsel where Plaintiff's counsel postured Defendants' settlement position in regards to Plaintiff's expressed intention to appeal this Court's entry of summary judgment in favor of Home Depot only. (*See* Affidavit of Daniel S. Nathan, attached hereto as Exhibit "A"). Plaintiff's counsel appears to have misunderstood Defendants' counsel during this conversation. (*See* Exhibit "A").

Notwithstanding, this Court should not consider Plaintiff's counsel's settlement posturing since evidence of settlement negotiations is not admissible under Fed. R. Evid. 408 and because there is a policy interest in facilitating and encouraging settlements, which may be well-served by preserving the confidentiality of communications made during settlement negotiations. *See, e.g. Franklin United Methodist Home, Inc. v. Lancaster Pollard & Co.*, 909 F.Supp.2d 1037, 1046-47 (S.D. Ind. 2012); *United States v. Dish Network, L.L.C.*, 943 F.Supp.2d 891, 895 (C.D. Ill. 2013).

Plaintiff also incorrectly argues that in its judgment entered in favor of Defendants, this Court did not allow for costs to Defendants. However, Plaintiff provides no support whatsoever

for this contention. In fact, <u>nowhere</u> within the judgment itself does this Court specifically direct that Defendants are not entitled to recover costs from Plaintiff. (Doc. 187). As such, statutory authority under 28 U.S.C. § 1920 exists for the award of costs in this case.

## ARGUMENT

### I. FEES FOR PRINTED TRANSCRIPTS NECESSARILY OBTAINED FOR USE IN THE CASE

#### A. Compliance with Transcript Rates Pursuant to Local Rule 54.1

Defendants concede that the allowable rate for transcript costs is governed by Local Rule 54.1. As such, Defendants have amended their Bill of Costs and have reduced their original request for taxable costs from $13,603.77 to $12,454.64. (*See* Amended Bill of Costs, attached hereto as Exhibit "B;" *See also*, Affidavit as to Costs, attached hereto as Exhibit "C;" *See also* Table of Transcript Costs, attached as Exhibit "D"). Specifically, in compliance with the maximum transcript rates set forth by the Northern District of Illinois, Defendants have reduced their request for fees for printed transcripts necessarily obtained for use in this case from $12,701.60 to $11,552.47. (*See* Ex. "B;" *See also*, Ex. "D").

Further, all original transcripts or copies of transcripts were ordered by Defendants on a regular basis with the exception of the copy of the deposition transcript Sabrina Little, claims examiner for Sedgwick Claims Management, Home Depot's Third-Party Administrator. Plaintiff ordered the original transcript of Sabrina Little's deposition on an expedited basis, thus, causing Defendants to pay an expedited rate for their copy of the transcript. (*See* Ex. B; *See also*, Ex. "D"). In any event, Defendants only seek the maximum rate for an expedited transcript for the copy of the transcript of Sabrina Little's deposition that Plaintiff ordered the original of. (*Id.*).

**B.    All Deposition Transcript Costs were Reasonable and Necessary to the Litigation**

Defendants seek $11,552,47 for "costs of purchasing transcripts and exhibits and associated court reporter time" pursuant to 28 U.S.C. § 1920(2). (*See* Ex. "B" and Ex. "D"). Section 1920(2) provides that a party may tax costs "for printed or electronically recorded transcripts necessarily obtained for use in the case." Defendants calculated their Section 1920(2) costs by aggregating all allowable costs for each of the 19 depositions taken in this matter. (*See* Ex. "B;" *See also*, Ex. "D"). In the present case, this Court advised Defendants to withhold from filing summary judgment motions until all depositions were completed and fact discovery had been closed. (*See* Doc. 200, Ex. "A"). As such, Defendants refrained from filing their summary judgment motions until all deposition were completed and fact discovery closed to ensure that any and all controversies of fact were negated prior to filing the aforementioned motions.

Plaintiff's Rule 26(a)(1) Initial Disclosures and Plaintiff's answers to Defendants' interrogatories identified Plaintiff and six occurrence witnesses who were present at the time of the alleged occurrence, as well as "all employees" of Home Depot Store #1936 "who created any and all rental contracts between Plaintiff and Defendant, who inspected the equipment rented by Plaintiff, who checked in the equipment rented by Plaintiff, and that may have knowledge of Plaintiff's rental of the equipment, the condition of the equipment rented by Plaintiff, and the inspection policy of the Defendant, Home Depot, U.S.A." (*See* Plaintiff's Rule 26(a)(1) Initial Disclosures, attached hereto as Exhibit "E;" *See also*, Plaintiff's Answers to Defendants' Interrogatories, attached hereto as Exhibit "F"). Moreover, Plaintiff disclosed "all employees of Electric Eel Manufacturing Company, Inc., who may have knowledge of the design, manufacturing, marketing, and selling of the Electric Eel Model R," as well as several treating physicians and healthcare providers who examined Plaintiff following the alleged occurrence. *Id.*

4

Over the course of discovery, Defendants learned of the identity of Kris Kauth of Roto-Rooter, a witness who inspected the condition subject drain following the alleged occurrence, and proceeded with his discovery deposition. (*See* Ex. "B;" *See also*, Doc. 102). Further, Plaintiff, pursuant to court order of Magistrate Judge Finnegan, was allowed to conduct the discovery deposition of Sabrina Little, a claims examiner for Sedgwick Claims Management, Home Depot's Third-Party Administrator. (*See* Doc. 139).

The deposition testimony of all 19 of the above referenced parties and witnesses (Plaintiff; six disclosed occurrence witnesses; Electric Eel Vice President; Electric Eel assembly technician; Home Depot store manager; Home Depot Assistant Store Manager; Home Depot Tool Rental Department Manager; two Home Depot tool rental technicians; one Home Depot tool rental associate; a Roto-Rooter excavation manager; a claims examiner for Sedgwick Claims Management; and two treating physicians) were necessarily obtained for use in this case for Defendants' overall defense, in order to ensure all controversies of fact were negated in advance of Defendants filing summary judgment, and to comply with this Court's advisement to complete all fact discovery prior to proceeding with filing of summary judgment motions. (*See* Ex. "B;" *See also*, Ex. "D").

### C.    The Introduction of a Deposition in a Summary Judgment Motion is Not a Prerequisite for Finding that it was Necessary

Plaintiff's argument that not all depositions were cited in Defendants' summary judgment motions and therefore were not necessarily obtained is without merit. The introduction of a deposition in a summary judgment motion or at trial is not a prerequisite for finding that it was necessary to take that deposition. *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995); see also, *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). The proper inquiry is whether the deposition was "reasonably necessary" to the case at the time it was taken,

not whether it was used in a motion or in court. *Finchum*, 57 F.3d at 534. Here, completing and ordering the deposition transcripts of 17 parties and/or fact witnesses disclosed by both Plaintiff and Defendants, and two treating physicians who Plaintiff reported the events of the alleged occurrence to, were all reasonably necessary for the preparation of Defendants' summary judgment motions and Defendants' overall defense of this matter.

These individuals were witnesses to several of the events giving rise to Plaintiff's causes of action against Defendants, including: observations of the alleged occurrence; maintenance performed to the subject drain cleaner; rental history of the subject drain cleaner, the subject rental of the drain cleaner from Home Depot; manufacture and design of the subject drain cleaner; the condition of the drain itself at the time of the alleged occurrence; and instructions given to Home Depot representatives subsequent to the alleged occurrence. As such, Defendants have met their burden of establishing that all deposition transcript costs were both necessary and reasonable to the litigation.

Furthermore, even assuming, *arguendo*, that this Court believes only those deposition transcripts cited within the Motions for Summary Judgments and their supporting briefs are necessary for purposes of fully briefing and advancing all arguments made within Defendants' Motions for Summary Judgment, a total of 10 deposition transcripts, not 5 as Plaintiff incorrectly states, were utilized and cited to in arguing and responding to all briefs pertaining to Defendants' Motions for Summary Judgment: Calvin Horne, Richard Berry, David Hale, Nicholas Keilman, Pierre Davis, Perry Bennett, Reggie Tolliver, Sabrina Little, Phil Boronda, and Dorthy Carter. (Doc. 151; 155; 172; 177). As such, at the very least, all 10 deposition transcripts were reasonable and necessary to litigation and overall defense of this matter.

**D.    Defendants did not "prematurely" Order Deposition Transcripts**

As stated above, the completion of the discovery depositions and deposition transcript costs of all parties and disclosed witnesses were not only necessary for Defendants to ensure that any and all controversies of fact were negated prior to filing their Motions for Summary Judgment, but were also necessary to the overall defense of this matter.  As previously mentioned, the proper inquiry is whether the deposition was "reasonably necessary" to the case at the time it was taken, not whether it was used in a motion or in court. *Finchum*, 57 F.3d at 534.  In the present case, all depositions were reasonably necessary to the case at the time they were taken.  Plaintiff fails to cite to or provide any support for its unfounded assertion that Defendants "prematurely ordered" transcripts.  As such, all 19 depositions and transcripts were reasonable and necessary for the overall defense of this matter.

**II.    PLAINTIFF MAKES NO OBJECTION TO OTHER TAXABLE COSTS REQUESTED BY DEFENDANTS**

Plaintiff's objections are limited only to the taxable costs of deposition transcripts obtained in Defendants' overall defense of this matter.  Defendants have also sought taxable costs for printing fees, witness fees, and fees of the Clerk which were reasonable and necessary for the overall defense of this matter.  (*See* Ex. "B").  Once the prevailing party demonstrates that the particular items of costs should be allowed, the losing party then bears the burden of affirmatively showing that the taxes costs are not appropriate. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005).  In the present case, Plaintiff has made no objection to Defendants' request for an award of taxable costs for printing fees, witness fees, and fees of the Clerk.  As such, Plaintiff concedes that the taxable costs for printing fees, witness fees, and fees of the Clerk were reasonable and necessary to this litigation.  (*See* Ex. "B").

## CONCLUSION

Defendants have met their burden of demonstrating that their taxable costs were necessary and reasonable, and therefore Defendants' Petition for Costs must be granted in the full amount of $12,454.64.

Respectfully submitted,

TRIBLER ORPETT & MEYER, P.C.

One of the attorneys for Defendants
Home Depot U.S.A., Inc. and Electric Eel
Manufacturing Company, Inc.

Michael J. Meyer, Esq. – ARDC #6193712
Daniel S. Nathan, Esq. – ARDC #6300411
Tribler Orpett & Meyer, P.C.
225 W. Washington St., Suite 2550
Chicago, IL 60606
(312) 201-6400
docket@tribler.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of Defendants', Home Depot U.S.A., Inc. and Electric Eel Manufacturing Co., Inc.'s, Reply to Plaintiff's Response and Objections to Defendants' Petition for Costs, was served upon:

James L. Bizzieri
Bizzieri Law Offices, LLC
10258 S. Western Avenue
Suite 210
Chicago, IL 60643
(773) 881-9000
(773) 881-9009
jlbizzieri@bizzierilaw.com

service was accomplished pursuant to ECF as to Filing Users and complies with Local Rules as to any party who is not a Filing User or represented by a Filing User by mailing a copy to the above named attorney or party of record at the address listed above, from 225 W. Washington Street, Suite 2550, Chicago, IL 60606, on April 17, 2019, with proper postage prepaid.

s/ Daniel S. Nathan
an Attorney