## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CALVIN HORNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  17 CV 8080 |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| HOME DEPOT U.S.A., INC. and | ) | |
| ELECTRIC EEL MANUFACTURING | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The Court denies Calvin Horne's Rule 59(e) motion to alter or amend judgment.  On defendants' petition for costs, the Court awards defendants costs in the amount of $10,991.04.

## DISCUSSION

### A.     Plaintiff's Rule 59(e) Motion

Calvin Horne filed this action to recover for injuries sustained from operating a drain-cleaning machine manufactured by defendant Electric Eel Manufacturing Company, Inc. and rented to Horne by defendant Home Depot U.S.A., Inc.  On February 12, 2019, the Court granted defendants' summary judgment motions and entered final judgment in their favor.  Horne moves the Court under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment in favor of Home Depot.  Horne contends that the ruling reflects a number of manifest errors.  (ECF No. 194, Pl.'s Mem. Supp. Mot. at 2.)

Rule 59 motions serve a limited function—to allow the Court to correct manifest errors of law or fact or to consider newly-discovered material evidence. *Firestone Fin., LLC v. Meyer*, No. 13 CV 7241, 2017 WL 5904657, at *2 (N.D. Ill. Apr. 3, 2017).  "A 'manifest error' is not

demonstrated by the disappointment of the losing party.  It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'"  *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).  Furthermore, Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures" or "allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment," *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010), nor does it allow a party to rehash arguments that were previously rejected, *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).

Horne's motion combines reformulated, previously-asserted arguments with arguments that could have been made earlier.  He first asserts that it was improper for the Court to rely on the exculpatory clause in the Rental Contract because Home Depot waived any reliance on the clause by failing to raise it as an affirmative defense.  Horne may not advance this argument now because he could have raised it on summary judgment but did not.  *See Resnick*, 594 F.3d at 568. And, as Home Depot points out, Horne had advance notice of Home Depot's argument and an opportunity to respond, so he was not prejudiced.

Horne also takes issue with the Court's discussion of Paragraph 3 of the Rental Contract within the context of its considering the applicability of *Shorr Paper Products, Inc. v. Aurora Elevator, Inc.,* 555 N.E.2d 735 (Ill. App. Ct. 1990), and *Jewelers Mutual Insurance Co. v. Firstar Bank Illinois*, 820 N.E.2d 411 (Ill. 2004).  Horne maintains that since Home Depot did not discuss Paragraph 3, he "had no opportunity or cause to develop arguments" about it.  (Pl.'s Mem. Supp. Mot. at 6.)  The Court disagrees.  It is axiomatic that contracts are construed as a whole, *Schiro v. W. E. Gould & Co.*, 165 N.E.2d 286, 289 (Ill. 1960), and the Court does not turn a blind eye to obviously relevant contract provisions, *Central Mutual Insurance Co. v.*

*StunFence, Inc.*, 292 F. Supp. 2d 1072, 1077 (N.D. Ill. 2003). The entire Terms and Conditions of the Rental Contract are set forth on a single page. Plaintiff cited *Shorr* and *Jewelers* on summary judgment, but failed to develop an argument about their applicability. That failure is not the same as not having had an opportunity or cause to do so. Similarly, plaintiff's extended discussions of *Berwind Corp. v. Litton Industries, Inc.*, 532 F.2d 1 (7th Cir. 1976), a decision he relies on for a number of propositions yet did not cite earlier, come too late. In any event, *Berwind* is inapposite because it involved far different contractual exculpatory language.

Next, Horne reasserts his argument that the exculpatory clause violates the public policy of Illinois, as set forth in the Uniform Commercial Code ("UCC"). The Court rejected this argument on summary judgment and is not persuaded that there was error in so doing. Horne also expands on his UCC argument, but those contentions were previously available to Horne and do not demonstrate a basis for altering or amending the judgment.

Finally, Horne rejiggers his vague suggestion that Home Depot provided him with the "wrong" machine; he now says that the salient fact issue is whether he was provided the machine that Home Depot identified as Part Number 0448505995, as specified in the Rental Contract, and the question that "then stems from that fact issue is whether" the machine he received was in "good working condition," as the Rental Contract stated. (Pl.'s Mem. Supp. Mot. at 14-15.) Plaintiff also requests the "re-opening of discovery to enable [him] to pursue further discovery on the correct identity of the machine provided to him." (*Id.* at 15.) But Horne admitted (not only in the complaint, but also by virtue of his inadequate responses to Home Depot's Local Rule 56.1 statements of fact) that he rented the machine specified in the contract, and he was unable to create a genuine issue of fact on this point at the summary-judgment stage. He argues that his inability to do so stems from Home Depot's loss or misidentification of the machine.

This is merely a variation on an argument Horne made before. Moreover, he is, in effect, attempting to invert the spoliation analysis. As the Court noted in its prior opinion, plaintiff's spoliation claim is derivative of his other claims, *see Babich v. River Oaks Toyota*, 879 N.E.2d 420, 426 (Ill. App. Ct. 2007). But the inverse is not true.

Plaintiff fails to show that summary judgment in Home Depot's favor constituted a manifest error that justifies relief under Rule 59(e).

**B.      Defendants' Bill of Costs**

In their petition for an award of costs, defendants, as the prevailing parties, seek reimbursement of a total of $13,603.77, the bulk of which relates to twenty depositions. Plaintiff requests that the Court stay proceedings on the bill of costs "until all post-judgment and appellate proceedings are concluded." (Pl.'s Mem. Supp. Mot. at 15.) The request is denied. "[A]n expeditious ruling on a bill of costs is favored to avoid piecemeal appeals." *Anheuser-Busch, Inc. v. Schnorf*, No. 10 CV 1601, 2011 WL 9798, at *3 (N.D. Ill. Jan. 3, 2011).

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d) creates "a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chi.*, 469 F.3d 631, 634 (7th Cir. 2006). The categories of expenses that the Court may tax as costs under Rule 54(d) are set out in 28 U.S.C. § 1920. "Any party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trs. of Chi. Plastering Inst. Pension Tr. v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009).

Defendants seek $12,701.60 in costs for transcripts. A prevailing party may recover costs for transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The Court

is guided by the maximum allowable transcript rates as set out by the Judicial Conference. In response to the bill of costs, plaintiff contends that the amount defendants claim for transcripts exceeds the maximum allowable rate, and even if all twenty deposition transcripts at issue were deemed necessary, the maximum allowable amount would be $10,065.40. (ECF No. 196, Pl.'s Resp. at 3.) Plaintiff points out that of the twenty deposition transcripts, defendants used only five on summary judgment, and no trial date had yet been set. He argues that the remaining fifteen transcripts had no bearing on defendants' arguments and were "prematurely ordered." (*Id.* at 5.)

In reply, defendants concede that they did not account for the maximum allowable rates, and they filed an amended bill of costs (ECF No. 202-2) in which they reduce their requested costs for deposition transcripts to $11,552.47. (The difference between plaintiff's and defendants' calculation is that defendants' calculation includes costs for copies of transcript exhibits as well as fees for a "litigation support package," delivery, and handling/processing for certain depositions.) Defendants also assert, correctly, that the introduction of testimony from a transcript is not a prerequisite for finding that the transcript was necessary. The proper inquiry is whether defendants obtained the transcripts out of necessity for use in the case (as opposed to convenience). *See, e.g., Majeske v. City of Chi.*, 218 F.3d 816, 825 (7th Cir. 2000).

Defendants note, and the Court agrees, that they used ten, not five, of the deposition transcripts in briefing the summary judgment motion. The Court finds that defendants obtained those transcripts (of the depositions of Calvin Horne, C. David Hale, Richard Berry, Reginald Tolliver, Perry Bennett, Sabrina Little, Nicholas Keilman, Dorthy Carter, Philip Boronda, and Pierre Davis) by necessity. The Court also finds that it was reasonable and necessary for defendants to obtain the transcripts of the depositions of plaintiff's family members and friends

who he identified as having been present at the time of the occurrence and having knowledge of his injury (Alexandria Ell, Deborah Horne, Marcus Ayers, and Etwun Thomas), a Home Depot employee who was involved in the rental (Lavincia McBride), a Home Depot employee who plaintiff identified as having knowledge of the facts related to the equipment rental (John Baranowski), plaintiff's treaters (Drs. Mark Cohen, Sean Dyer, and Steven Parry), and a Roto-Rooter employee with knowledge of work performed on plaintiff's drain shortly after the occurrence (Kris Kauth). Defendants also seek to recover $339.75 in fees for seven of the witnesses' attendance at deposition, which the Court allows under 28 U.S.C. § 1920(3). As for defendants' claim for costs for copies of exhibits to deposition transcripts, a "litigation support package," delivery, and handling/processing for certain transcripts, plaintiff deems those charges "unreasonable" on a chart that he appends to his response brief, but fails to provide any argument as to why those fees are unreasonable. Nonetheless, the Court declines to tax plaintiff these costs because delivery and handling fees are non-recoverable ordinary business expenses, *Cooper v. City of Chicago*, No. 16 CV 3519, 2018 WL 3970141, at \*10 (N.D. Ill. Aug. 20, 2018); defendants fail to explain why the exhibit copies were necessarily obtained; and they fail to describe what a "litigation support package" is or why such packages were necessarily obtained.[1] The Court therefore reduces defendants' deposition-related costs by $1,388.00.

Defendants also seek to recover $75.60 in printing fees and $486.82 in filing and appearance fees. Plaintiff did not object to these requests, but the Court still must consider whether the costs are allowable and, if so, whether they are reasonable and necessary. *Soler v.*

---

[1]Likewise, the Court will not allow a $35 "administration" cost in relation to the deposition of Sabrina Little because defendants do not address the necessity of the components of that charge ("Production/ERL/Word Index/Exhibits"). (ECF No. 188-1, at 14.)

*Waite*, 989 F.2d 251, 255 (7th Cir. 1993). Although printing costs are generally compensable under 28 U.S.C. § 1920(3), defendants have failed to explain what was printed or why it was necessarily obtained, so the Court declines to allow those costs. The Court will allow defendants to recover the $486.82 in clerk's fees as taxable costs under 28 U.S.C. § 1920(1).

## CONCLUSION

The Court denies Calvin Horne's Rule 59(e) motion to alter or amend the judgment [191]. On defendants' petition for costs [188], the Clerk of Court is directed to tax costs against plaintiff and in favor of defendants in the amount of $10.991.04 ($10.164.47 for deposition transcripts + $339.75 in witness fees + $486.82 in fees of the clerk).


**DATE**: May 14, 2019

_____
**Ronald A. Guzmán**
**United States District Judge**